PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YANIEL GARCIA GONZALEZ, | ) | CASE NO. 4:26-CV-00703 |
| | **)** | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| KEVIN RAYCRAFT, *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Respondents. | ) | [Resolving ECF Nos. 14, 17] |

## I. INTRODUCTION

The Court considers the Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 of Yaniel Garcia Gonzalez, a Cuban national in federal detention facing removal from the United States. *See* ECF No. 1. Respondents are Kevin Raycraft,[1] Markwayne Mullin,[2] Todd Blanche,[3] and the United States Department of Justice's Executive Office for Immigration Review ("EOIR"). Petitioner argues that his detention without an individualized bond hearing violates 8 U.S.C. § 1226 of the Immigration and Nationality Act ("INA") and constitutional due process. Respondents argue that Petitioner's detention is mandatory under § 1225(b)(1)(B)(ii) and constitutionally compliant under the Fifth Amendment. The Petition and its corollary motions are denied for the reasons herein.

---

[1] Director, Detroit Field Office, United States Immigration and Customs Enforcement.

[2] Secretary, United States Department of Homeland Security (*née* Kristi Noem, terminated on March 4, 2026).

[3] Acting Attorney General, United States Department of Justice (*née* Pamela Bondi, terminated on April 2, 2026).

(4:26-CV-00703)

## II. BACKGROUND

In 2023, Petitioner fled Cuba and travelled west through Mexico.  *See* ECF No. 5–3, Exhibit 1 at PageID #: 94.  He crossed into the United States at San Ysidro, California on January 12, 2024 and was detained by U.S. Border Patrol agents.  *See* ECF No. 5–3, Exhibit 1 at PageID #: 94.  He was inspected, deemed "inadmissible" as an "arriving alien" without immigration documents under 8 U.S.C. § 1182(a)(7), paroled into the United States, and given a notice to appear for EOIR removal proceedings in 2026.  *See* ECF No. 5–4, Exhibit 3 at PageID #: 96.  On February 18, 2025, an immigration judge granted Petitioner's motion to dismiss the removal proceedings as a "Cuban national[ ] who arrived to the U.S. at a POE ['port-of-entry'] on January 1[2], 2024, and [was] granted an I-94 parole and appear eligible to proceed before USCIS ['U.S. Citizenship and Immigration Services'] on adjustment of status pursuant to the Cuban Adjustment Act of 1966."  ECF No. 5–5, Exhibit 4 at PageID #: 100.

In the interim, Petitioner moved to Michigan with his family.  *See* ECF No. 5–3, Exhibit 2 at PageID #: 93.  On December 14, 2025, Petitioner was arrested there, charged with larceny, and detained at the Saginaw County Jail.  *See* ECF No. 5–3, Exhibit 2 at PageID #: 93.  He was quickly transferred to Immigration and Customs Enforcement ("ICE") custody and moved to a detention facility in Detroit.  Respondents reopened Petitioner's removal proceedings, again deemed him "inadmissible" under § 1182(a)(7), and issued him a new notice to appear and order of expedited removal.  *See* ECF No. 5–2, Exhibit 1 at PageID #: 91.  He was subsequently moved between ICE facilities in Michigan, Louisiana, Arizona, and Texas, and Ohio, where he remains today.  *See* ECF No. 1 at PageID #: 7.

2

(4:26-CV-00703)

At some point, Petitioner applied for asylum under 8 U.S.C. § 1158.  *See* ECF No. 1 at PageID #: 7.  And on March 10, 2026, he filed the instant Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 in the Eastern District of Michigan.  *See* ECF No. 1.  The Government timely responded, and, with approval of a trial judge in the Eastern District of Michigan, the Petition was transferred to the Northern District of Ohio.  *See* ECF Nos. 5, 6.  Pursuant to his asylum application, USCIS interviewed Petitioner on March 17, 2026 and found that he had a credible fear of persecution if returned to Cuba.  *See* ECF No. 16 at PageID #: 50.  His application was referred to an immigration judge for a full asylum review.  ECF No. 16 at PageID #: 50.  Later, Petitioner filed a traverse claiming he "has now successfully established a credible fear of persecution through the agency's administrative review process, thus he cannot be and is no longer in the expedited removal posture governed by § 1225(b)(1)."  ECF No. 12 at PageID #: 28.  He also filed an "Emergency Motion for Judgment on the Pleadings" alleging that he "faces the ongoing risk of removal and continued separation from his lawful permanent resident wife and their child."  ECF No. 14 at PageID #: 45.

In response to this information, the Court Ordered supplemental briefing on Petitioner's detention and asylum statuses.  Respondents complied and told the Court that: (1) Petitioner has been detained at Mahoning County Jail under § 1225(b) since March 10, 2026; (2)  Petitioner was found to have a credible fear following a USCIS interview on March 17, 2026, which vacated his expedited removal order; (3) Petitioner's removal proceedings are pending before an immigration judge; (4) a bond hearing was scheduled for May 28, 2026; and (5) no removal order is currently in effect.  *See* ECF No. 16 at PageID ##: 49–51.  Petitioner replied with an "Emergency Motion to Enforce Habeas Jurisdiction and for Immediate Relief" stating that on May 28, 2026  "[t]he [i]mmigration [j]udge denied the request [for a custody redetermination]

3

(4:26-CV-00703)

because the Court lacks jurisdiction and because the Respondent is an arriving alien." ECF No. 17 at PageID #: 66 (cleaned up).  The Petition is fully briefed and ripe for resolution.

### III. LAW

A writ of *habeas corpus* is a civil mechanism that assesses the legality of a person's detention.  *See* U.S. Const. art. I, § 9, cl. 2; *Ex parte Bollman and Ex parte Swartwout*, 8 U.S. 75 (1807).  It is "available to every individual detained within the United States[,]"  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004), including noncitizens in  immigration proceedings.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs *habeas* petitions in federal court.  See 28 U.S.C. §§ 2241–2256. Relevant here, a § 2241 petition allows a person  to challenge the execution, administration,  or condition of their detention, rather than the validity of an underlying conviction.  *See id.*  A district court may grant *habeas* relief under § 2241 when, *inter alia*, a person has carried the burden of showing their detention violates the Constitution or laws of the United States.  *See* 28 U.S.C. § 2241(c)(3).

### IV. DISCUSSION

#### A. *Arguments*

Petitioner asserts two grounds for relief under 28 U.S.C. § 2241.  *First*, a statutory claim that "Respondents are unlawfully detaining Petitioner without bond pursuant to the mandatory detention provision at 8 U.S.C. § 1225(b)(2)" in violation of the Immigration and Nationality Act ("INA").  ECF No. 1 at PageID ##: 23–24.  *Second*, a constitutional claim that "[Respondent]'s detention of Petitioner without an opportunity for a custody determination or bond hearing to decide whether they are a flight risk or danger violates Petitioner's right to due process" under the Fifth Amendment.  ECF No. 1 at PageID ##: 24–25.  Respondents argue

4

(4:26-CV-00703)

that the Petition should be denied because Petitioner is properly detained under 8 U.S.C. § 1225(b)(1) and that detention does not violate due process.  *See* ECF No. 5 at PageID ##: 77–87.

Petitioner counters that he falls under "the ordinary detention framework" of § 1226 "for noncitizens already present in the United States and placed in removal proceedings."  ECF No. 17 at PageID #: 69.  Respondents claim he "is being detained under 8 U.S.C. § 1225(b)(1)(ii)" as "authorized under 8 U.S.C. § 1225(b)(i)(B)(ii)."  ECF No. 16 at PageID #: 49.  But neither § 1225(b)(1)(ii) nor § 1225(b)(i)(B)(ii) exist.  *See* U.S.C. § 1225 *et seq.*  Rather, § 1225 is provisionally subdivided into lower case letters, then numerals, then capitalized letters, then lower case Roman numerals (*i.e.,* "(b)(1)(B)(ii)," not "(b)(1)(ii)" or "(b)(i)(B)(ii)").  The Court views these as scrivener's errors and construes Respondent's detention justification under § 1225(b)(1)(B)(ii).

## B.  *Ground I*

*First*, Petitioner claims his detention without bond violates the INA.  *See* ECF No. 1 at PageID ##: 23–24.  Noncitizens facing removal from the United States have the right to apply for asylum under 8 U.S.C. § 1158.  Once claimed, an applicant is interviewed by an asylum officer to determine whether the applicant has a credible fear of persecution or torture if removed to the country in question.  *See* 8 U.S.C. § 1225(b)(1)(A)(ii).  If the asylum officer finds a credible fear, the applicant then receives "full consideration" of their claim in standard removal proceedings.  *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020).

As a matter of statutory interpretation, Petitioner's detention falls under § 1225(b)(1)(B)(ii) as a post-credible fear asylum applicant.  And that statute is clear that "[i]f the officer determines at the time of the  interview that an alien has a credible fear of persecution . .

5

(4:26-CV-00703)

. the alien *shall be detained* for further consideration of the application for asylum."  8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added).  The phrase "shall be detained" imposes a nondiscretionary duty of detention.  *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 362 (2018) (citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35 (1998)).  And "further consideration" means merely an asylum merits proceeding before an immigration judge under § 1229a.[4]  *See Brito-Goncalvez v. Field Off. Dir., Detroit Field Off., Immigr. & Customs Enf't*, No. 1:26-CV-94, 2026 WL 1077448, at *2 (S.D. Ohio Apr. 21, 2026) ("Thus, if an alien originally placed in expedited removal establishes a credible fear, he receives a full hearing before an immigration judge").  Regardless of "[w]hether an applicant who raises an asylum claim receives full or only expedited review, the applicant is not entitled to immediate release" from detention.  *Thuraissigiam*, 591 U.S. at 111.

As the Supreme Court made clear in *Jennings v. Rodriguez*,

> Read most naturally, §§ 1225[(b)(1) . . . mandate[s] detention of applicants for admission until certain proceedings have concluded. Section 1225(b)(1) aliens are detained for "further consideration of the application for asylum," and . . . [o]nce those proceedings end, detention under § 1225(b) must end as well. Until that point, however, nothing in the statutory text imposes any limit on the length of detention. And . . . § 1225(b)(1) . . . says [nothing] whatsoever about bond hearings.

583 U.S. 281, 297 (2018) (cleaned up).  So, in plain terms, § 1225(b)(1)(B)(ii) commands that Petitioner must "be detained until his asylum claim is adjudicated, with no bond eligibility."  *Brito-Goncalvez*, 2026 WL 1077448, at *3 (citation modified).  That is, his "detention must

---

[4] By regulatory guidance, "if either the asylum officer or the immigration judge determined that the alien cleared the reasonable-fear threshold, the alien would be put in [§ 1229a] proceedings, just like aliens who receive a positive credible-fear determination for asylum."  Asylum Eligibility and Procedural Modifications, Interim Final Rule, 84 Fed. Reg. 33,829, 33837-8 (July 16, 2019).

6

(4:26-CV-00703)

continue until immigration officers have finished considering [his] application for asylum[.]"
*Jennings*, 583 U.S. at 299 (citing 8 U.S.C. § 1225(b)(1)(B)(ii)) (cleaned up); *see Lopez-Campos*, 175 F.4th at 738 (Murphy, J. dissenting) ("The government must detain all immigrants who fall within [§ 1225(b)(1)(B)(ii)] pending their removal or a review of their asylum claim").  And while noncitizens detained for "further consideration" of asylum applications may be paroled "for urgent humanitarian reasons or significant public benefit" at the Attorney General's discretion, "[t]hat express exception to detention implies that there are no other circumstances under which aliens detained under § 1225(b) may be released." *Jennings*, 583 U.S. at 300 (citing 8 U.S.C. § 1182(d)(5)(A)) (cleaned up).

Bound by *Jennings v. Rodriguez* and the unambiguous language of § 1225(b)(1)(B)(ii), the Court concludes that Petitioner's detention remains mandatory until his asylum claim is resolved.  *See Rivero Perez v. Supervisory Det. & Deportation Officer*, No. 3:24-CV-735-RGJ-LLK, 2026 WL 516570, at *13 (W.D. Ky. Feb. 3, 2026); *Brito-Goncalvez*, 2026 WL 1077448, at *3.  Ground I is without merit.

### C.  *Ground II*

*Second*, Petitioner claims his detention without bond violates his constitutional right to due process.  *See* ECF No. 1 at PageID ##: 24–25. Under the Fifth Amendment, the federal government may not deprive life, liberty, or property without due process of law.  *See* U.S. Const. amend. V; *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026) (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)).  And while detention "is a constitutionally permissible" part of removal, Respondents' power to confine noncitizens is not unlimited.  *Demore v. Kim*, 538 U.S. 510, 531 (2003).  As the Sixth Circuit clarified in

7

(4:26-CV-00703)

*Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), due process entitles some noncitizens detained in the American interior to individualized bond hearings.

But that holding addressed confinement for inadmissible noncitizens detained under § 1225(b)(2), not mandatory confinement for post-credible fear pendent asylum seekers (like Petitioner) detained under § 1225(b)(1)(B)(ii). *Lopez-Campos*' logic implies that due process requires an individualized bond hearing only when "immigration detention becomes needlessly prolonged and appears to no longer effectuate the regulatory goals of civil immigration[.]" *Id.* at 732–33 (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 45–46 (1st Cir. 2021), *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 213 (3d Cir. 2020); and *Zadvydas*, 533 U.S. at 701).  Here, Petitioner is receiving congressionally specified due process through "further consideration" of his asylum application, thereby limiting his mandatory detention both procedurally and temporally until his merits review is complete.  *See* 8 U.S.C. § 1225(b)(1)(B)(ii).  Congress' determination that post-credible fear detention is mandatory is synchronous with the INA's regulatory goals because it ensures compliance and timely appearance from asylum applicants at future immigration proceedings.

Although Petitioner's two-year presence in the United States may be relevant to his constitutional claim, he has not established that his current detention is "effectively indefinite" or "bears no reasonable relationship" to the regulatory goals of the INA sufficient to constitute a violation of the Fifth Amendment.  Consequently, the Court declines to undergo the balancing test prescribed by *Mathews v. Eldridge*, 424 U.S. 319 (1976).   While *Lopez-Campos v. Raycraft* empowers noncitizens in detention, like Petitioner, to seek bond hearings in the Sixth Circuit, it does *not* hold that mandatory post-credible fear detention during asylum proceedings under § 1225(b)(1)(B)(ii) violates due process.  Ground II is without merit.

8

(4:26-CV-00703)

## V. CONCLUSION

For the foregoing reasons, Yaniel Garcia Gonzalez's Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 is denied.  *See* ECF No. 1.  His "Emergency Motion for Judgment on the Pleadings" and "Emergency Motion to Enforce Habeas Jurisdiction and for Immediate Relief" are simultaneously denied as moot.  *See* ECF Nos. 14, 17.  A separate entry of judgment shall issue.


IT IS SO ORDERED.


 June 22, 2026                                                        */s/ Benita Y. Pearson*
 Date                                                                    Benita Y. Pearson
                                                                          United States District Judge